ST. PAUL FIRE AND MARINE
INSURANCE COMPANY v. U. C. SMITH

5-5993                                        482 S.W. 2d 122

Opinion delivered July 10, 1972

*Wright, Lindsey & Jennings,* by: *William R. Wilson Jr.,*
for appellant.

*Robert D. Ridgeway,* for appellee.

CONLEY BYRD Justice. The front wheel came off a
passing automobile and caused $253.90 damages to ap-
pellee U.C. Smith's building. Appellant St. Paul Fire
and Marine Insurance Company, for reversal of a sum-
mary judgment in favor of Smith, contends that Smith's
building was not struck by a "vehicle" within the policy
definition.

The policy issued by appellant of Smith provided
extended coverage to Smith ". . .against direct loss by. . .ve-
hicles,. . .except as hereinafter provided." The provision
of the policy applicable to vehicles provides:

"The term 'vehicles,' as used in this endorsement
means vehicles running on land or tracks. . .Loss by
aircraft or by vehicles shall include only direct loss
resulting from actual physical contact of an aircraft
or a vehicle with the property covered herein or with
the building(s) containing the property covered here-
under, except that loss by aircraft includes direct loss
by objects falling therefrom. . ."

Since the policy insures only against"direct loss resulting from actual physical contact of. . .a vehicle," appellant argues that there is no indication of coverage for loss from damage by a detached wheel. As we read the language of the policy that "loss resulting from actual contact of . . .a vehicle" obviously includes, at least, those substantial and integral parts of an automobile necessary to its propulsion while being propelled along a highway. See Annotation 12 A.L.R. 2d 598, as to meaning of "Vehicles" within exception or coverage of insurance policies. icies.

In its reply brief appellant argues that the mention of detached objects with regard to airplanes, coupled with the lack of such mention with regard to vehicles, clearly implies that the policy provides coverage in the one case (airplane objects) but excludes coverage in the other (vehicle objects) which is here involved. The fallacy in this argument is that the policy language does not refer to items becoming detached from an airplane but only to objects falling from a plane. In view of such cases as *Brown* v. *Life & Casualty Ins. Co.*, LA. App., 146 So. 332 (1933), this language was necessary to provide coverage for cargo falling from an airplane.

Affirmed together with the allowance of an additional attorney's fee of $500.